## UNITED STATES DISTRICT COURT
## NORTHEN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | |
|---|---|
| SANDRA SILVA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:23-cv-823 |
| SAUNDERS & EDWARD, LLC, | ) ) ) |
| Defendant. | ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, SANDRA SILVA ("Plaintiff"), through her attorney, Agruss Law Firm, LLC, alleges the following against Defendant, SAUNDERS & EDWARD, LLC ("Defendant"):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Texas Debt Collection Act, Tex. Fin. Code Ann. § 392, et al. ("TDCA").

### JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367 and 15 U.S.C. § 1692k and 15 U.S.C. § 1693(m).

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5. 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained within.

1

6. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

7. Plaintiff is a natural person residing in the City of Alvarado, Johnson County, State of Texas.

8. Plaintiff is a consumer as that term is defined by the FDCPA and TDCA.

9. Plaintiff allegedly owes a debt as that term is defined by the FDCPA and TDCA.

10. Defendant is a debt collector as that term is defined by the FDCPA and TDCA.

11. Defendant attempted to collect a consumer debt from Plaintiff.

12. Defendant is a collection agency located in the City of Buffalo, Erie County, State of New York.

13. Defendant is a business entity engaged in the collection of debt within the State of Texas.

14. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

15. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

16. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

17. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

18. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

19. Defendant is attempting to collect an alleged consumer debt from Plaintiff, originating with Cashnet USA.

20. The alleged debt at issue arises from transactions for personal, family, and household purposes.

21. At all times relevant, the statute of limitations on the alleged debt expired.

22. On or about March 2, 2023, Defendant began placing calls to Plaintiff's cellular telephone number at ███████6171, in an attempt to collect the alleged debt.

23. Defendant calls Plaintiff from 833-942-6464 telephone numbers, which is one of Defendant's telephone numbers.

24. On or about March 2, 2023, Defendant called Plaintiff's telephone and left the following voicemail messages:

    a. "Good morning. This message is intended for Sandra Silva Mansilla, Social Security number ending 1495. My name is Michelle Simmons calling with Johnson County Processing Unit. I'm reaching out this morning to inform you that you have been placed on the schedule for delivery of appearance documentation today from the firm of Saunders & Edward. Now, it does indicate on here that a garnishment, a judgment, or a lien is being filed at this time. Our courier will be dispatched out to 8117 Rainfall Road to serve these to you this afternoon. Once again, the filing party's name is Saunders & Edward. [inaudible] a contact number for any questions or concerns, that number is 833- 942-6464, and also provide a reference number of WC4702."

    b. "Hello, good afternoon. This message is intended for Sandra Silva Mancilla, Social Security number ending 1495. My name is Jennifer Delano. I'm calling with Johnson County Processing Unit. The reason for my call today is to notify you of the fax documentation that we have received from the firm of Saunders & Edward. Now it is stating on here that there is a potential wage garnishment

3

judgment and/or lien that is scheduled to be filed. The filing date is listed here for Monday the 27th of February, 2023. Now, I have placed a temporary mandatory hold on the paperwork as per state law. This does give you some time. It also gives you an opportunity to contact the firm directly for more detailed information. Once that hold does expire, we will dispatch our courier to 8117 Rainfall Road #924 to serve your appearance documentation. Once again, the name of the firm is Saunders & Edward. They do include a contact number for any questions or concerns. That number is 833-942-6464. Also, provide a reference number of WC4702."

25. On or about March 2, 2023, Plaintiff returned Defendant's call and spoke with one of Defendant's male collectors.

26. During the immediately above-mentioned conversation:

   a. Defendant's male collector repeatedly threatened to take legal action against Plaintiff.

   b. Defendant's male collector falsely represented Plaintiff owed the alleged debt to Cashnet USA, Cashnet.

   c. Defendant's male collector falsely represented Plaintiff owed $3,059.37.

   d. Defendant's male collector falsely represented the amount owed would increase to include court costs.

   e. Defendant's male collector falsely represented Defendant would serve Plaintiff if payment was not made immediately.

   f. Defendant's male collector falsely represented a certified letter was mailed to Plaintiff a year ago.

   g. Defendant's male collector told Plaintiff she could settle the alleged debt for $1,561.00 if payment was received by March 6, 2023.

27. On or about March 7, 2023, Plaintiff answered Defendant's call and spoke with one of Defendant's male collectors.

4

28. During the above-mentioned conversation:

    a. Defendant's male collector attempted to collect the alleged debt from Plaintiff.

    b. Defendant's male collector told Plaintiff Defendant would only accept payment via PayPal.

    c. Defendant threatened to serve Plaintiff with legal documents.

    d. Relying on Defendant's empty threats, agreed to pay the alleged debt.

    e. Defendant's male collector sent Plaintiff a credit card authorization form via email.

    f. Plaintiff returned the credit authorization form, authorizing one payment of $520.56.

    g. Plaintiff requested a copy of the payment plan.

    h. Defendant's male collector refused to provide Plaintiff with a copy of the payment plan, telling Plaintiff to send the additional two payments the same way.

29. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

30. The natural consequences of Defendant's statements and actions was to cause Plaintiff mental distress.

31. Defendant engaged in the foregoing conduct with intent to harass, abuse and annoy Plaintiff.

32. To date, Defendant has not taken legal action against Plaintiff.

33. Defendant never intended to take legal action against Plaintiff.

34. Defendant failed to inform Plaintiff of the time barred disclosure regarding to the alleged debt.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

35. Plaintiff repeats and re-alleges paragraphs one (1) through thirty-five (35) of Plaintiff's Complaint as the allegations in Count I of Plaintiff's Complaint.

36. Defendant violated the FDCPA based on the following:

    a. Defendant violated §1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt, when Defendant falsely represented Plaintiff would be served with legal documents, when Defendant falsely represented legal action would be taken against Plaintiff, and when Defendant falsely represented that a garnishment, a judgment, or a lien was being filed against Plaintiff;

    b. Defendant violated §1692d(6) of the FDCPA by placing a telephone call to Plaintiff without meaningful disclosure of the caller's identity, when Defendant left voicemails on Plaintiff's phone without disclosing they were attempting to collect a debt;

    c. Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, when Defendant engaged in at least the following discrete violations of § 1692e;

    d. Defendant violated § 1692e(2) of the FDCPA by falsely representing the character, amount, or legal status of any debt, when Defendant falsely represented Plaintiff would be served with legal documents, when Defendant falsely represented legal action would be taken against Plaintiff, and when Defendant falsely represented that a garnishment, a judgment, or a lien was being filed;

    e. Defendant violated § 1692e(3) of the FDCPA by its false representation or implication that any individual is an attorney or that any communication is from an attorney, when Defendant threatened to send a process server to Plaintiff's home;

    f. Defendant violated § 1692e(4) of the FDCPA by falsely representing that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful, when Defendant falsely represented that a garnishment, a judgment, or a lien was being filed against Plaintiff;

    g. Defendant violated § 1692e(5) of the FDCPA by its threat to take any action that cannot legally be taken or that is not intended to be taken, when Defendant falsely represented Plaintiff would be served with legal documents, when Defendant falsely represented legal action would be taken against Plaintiff, and when Defendant falsely represented that a garnishment, a judgment, or a lien was being filed against Plaintiff;

    h. Defendant violated § 1692e(10) of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, when Defendant falsely represented Plaintiff would be served with legal documents, when Defendant falsely represented legal action would be taken against Plaintiff, and when Defendant falsely represented that a garnishment, a judgment, or a lien was being filed;

    i. Defendant violated § 1692e(11) of the FDCPA by failing to disclose in the initial written communication with the consumer and, in addition, if the initial

7

       communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, when Defendant left voicemails on Plaintiff's phone and did not disclose the communication is an attempt to collect a debt; and

j. Defendant violated § 1692(f) of the FDCPA by using fair or unconscionable means in connection with the collection of an alleged debt, when Defendant engaged in the foregoing conduct.

WHEREFORE, Plaintiff, SANDRA SILVA, respectfully requests judgment be entered against Defendant, SAUNDERS & EDWARD, LLC, for the following:

37. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

38. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

39. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE TEXAS DEBT COLLECTION ACT

40. Plaintiff repeats and re-alleges paragraphs one (1) through thirty-five (35) of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

41. Defendant violated the TDCA based on the following:

    a. Defendant violated Tex. Fin. Code § 392.304(8) by misrepresenting the character, extent, or amount of a consumer debt, when Defendant threatened to take legal action against Plaintiff when Defendant did not intend to take such

8

action against Plaintiff; and

b. Defendant violated Tex. Fin. Code § 392.304(19) by using any false representation or deceptive means to collect a debt or information concerning a consumer, when Defendant falsely represented Plaintiff would be served with legal documents, when Defendant falsely represented legal action would be taken against Plaintiff, and when Defendant falsely represented that a garnishment, a judgment, or a lien was being filed against Plaintiff;

WHEREFORE, Plaintiff, SANDRA SILVA, respectfully requests judgment be entered against Defendant, SAUNDERS & EDWARD, LLC, for the following:

42. For statutory damages provided and pursuant to Tex. Fin. Code Ann. § 392.403 and/or Tex. Bus. & Com. Code § 17.50(d);

43. For attorneys' fees, costs and disbursements;

44. Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1); and

45. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

DATED:  August 8, 2023                          RESPECTFULLY SUBMITTED,

By: /s/ Michael S. Agruss
　　Michael S. Agruss
　　Agruss Law Firm, LLC
　　4809 N. Ravenswood Ave., Suite 419
　　Chicago, IL 60640
　　Tel: 312-224-4695
　　Fax: 312-253-4451
　　michael@agrusslawfirm.com
　　Attorney for Plaintiff